UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAFEEZ SHAHEED,

                Plaintiff,

-against-

SERGEANT HOWARD ROTH, POLICE OFFICER ANTHONY FERRER, POLICE OFFICER ARGENIS PAULINO, and THE CITY OF NEW YORK,

                Defendants.

24 Civ. 7079 (VEC) (GS)

ORDER
OF SERVICE

GARY STEIN, United States Magistrate Judge:

      The Court's March 5, 2025 Order (Dkt. No. 10) extended the deadline for Plaintiff, proceeding *pro se*, to file his amended complaint from February 24, 2025 to April 4, 2025. On March 25, 2025, Plaintiff submitted a letter providing additional information that he believed might enable the identification of the officers involved in the incident in question and requesting an extension of time to amend his complaint. (Dkt. No. 11). The Court's March 31, 2025 Order (Dkt. No. 12) directed the Law Department to consider the materials referenced in Plaintiff's letter and inform the Court by April 14, 2025 as to what effect, if any, they had on its identification of the John Doe defendants.

      In compliance with the Court's March 5 Order, Plaintiff filed his Amended Complaint on April 4, 2025. (Dkt. No. 15). The Amended Complaint names four Defendants: (1) Sergeant Howard Roth; (2) Police Officer Anthony Ferrer; (3) Police Officer Argenis Paulino; and (4) The City of New York. The Law Department subsequently filed a letter on April 14, 2025, pursuant to the Court's March 31 Order, explaining, *inter alia*, that, based on its investigation, the Law Department has been unable to identify any other officers involved in the incident and adheres to its prior determination that Officers Ferrer and Paulino were the John Doe defendants in

question. (Dkt. No. 16). The Law Department's April 14 letter further states that, based on its conversations with Plaintiff, it believes Plaintiff "concedes that [Defendant] Howard Roth did not have Case any personal involvement in the alleged incident" and that Plaintiff "does not intend to sue him in this action." (*Id.*).

The Court's May 16, 2025 Order (Dkt. No. 17), directed Plaintiff to submit a letter by no later than May 26, 2025 informing the Court as to (1) whether he intends to dismiss Defendant Roth as a defendant in this action and (2) whether he wishes to make any further amendments to his complaint. The Court's June 13, 2025 Order (Dkt. No. 18) extended the deadline for Plaintiff to respond to the Court's May 16 Order to June 20, 2025. Plaintiff has failed to respond to either of these Orders, and so the Amended Complaint remains the operative complaint.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Sergeant Roth, Officers Ferrer and Paulino, and The City of New York, the Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants Sergeant Roth, Officers Ferrer and Paulino, and The City of New

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

2

York waive service of summons consistent with the Court's recent memorandum of understanding for electronic service with the New York City Police Department.

Plaintiff is reminded that Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**SO ORDERED.**

Dated: July 1, 2025
New York, New York

*Gary Stein*
GARY STEIN
United States Magistrate Judge